UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VICKI PIONTEK,

      Plaintiff,

  v.

MESSERLI AND KRAMER, P.A.,
WILLIAM F. MESSERLI, and
ROSS E. KRAMER,

      Defendants.

Civil No. 08-5401 (JRT/JJG)

**REPORT AND RECOMMENDATION**

      Plaintiff commenced this action on October 8, 2008, by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP"). The Court examined the IFP application, and found that Plaintiff had not adequately demonstrated that she is financially eligible for IFP status. Plaintiff was granted leave to file an amended IFP application, (see Order dated October 15, 2008; [Docket No. 3]), and she did so on October 30, 2008, (Docket No. 4). The Court then examined Plaintiff's amended IFP application, and determined that she still had not adequately demonstrated that she is indigent and unable to pay the $350 filing fee prescribed by 28 U.S.C. § 1914(a). Therefore, by order dated November 4, 2008, (Docket No. 5), Plaintiff's amended IFP application was denied.

      The order of November 4, 2008, informed Plaintiff that although she would not be granted IFP status, she could still maintain this action if she paid the statutory

filing fee. Plaintiff was advised that if she intended to pursue her claims in this action as a non-IFP litigant, she would have to pay the full $350 filing fee within 60 days. Plaintiff was further advised that if she did not pay the $350 filing fee within 60 days, it would be recommended that her action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The deadline for paying the filing fee established by the Court's prior order has now passed. To date, however, Plaintiff has not paid her filing fee, nor has she contacted the Court or communicated with the Court in any way since the entry of the last prior order in this case. Therefore, it is now recommended, in accordance with the Court's prior order, that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: January 22, 2009           s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 5, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.